**Jorawar SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–71779.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

GARISH SARIN, ESQUIRE, LAW OFFICES OF GARISH SARIN, LOS ANGELES, CA, for Petitioner.

Wayne R. Gross, Esquire, Snell & Wilmer LLP, Costa Mesa, CA, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Jorawar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of Singh's claims on the basis of an adverse credibility finding. *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's adverse credibility determination because Singh testified that he suffered a serious stab wound to his leg that required stitches and prevented him from walking, but the medical report he submitted omitted any mention of this injury. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's CAT claim is based on the same testimony the BIA found not credible, and he points to no other evidence the BIA should have considered,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh has failed to establish eligibility for CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**